# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 22, 2016

Lyle W. Cayce
Clerk

No. 14-20589

PETROBRAS AMERICA, INCORPORATED; CERTAIN UNDERWRITERS
AT LLOYD'S, LONDON AND INSURANCE COMPANIES SUBSCRIBING
TO POLICY NO. B0576/JM12318,

> Plaintiffs - Appellants

v.

VICINAY CADENAS, S.A.,

> Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas

Opinion on Rehearing

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:

The panel hereby clarifies its previous opinion, *Petrobras Am., Inc. v. Vicinay Cadenas*, 815 F.3d 211 (5th Cir. 2016), as follows.

The holding announced in Part I of the panel's opinion, concluding that Vicinay did not waive its choice of law argument under the Outer Continental Shelf Lands Act ("OCSLA"), necessarily depended upon the unique statutory scheme created by OCSLA. Through OCSLA, Congress legislated the trichotomy of federal law, state law, and residual maritime law for disputes arising on the Outer Continental Shelf. *See Rodrigue v. Aetna Cas. & Sur. Co.*,

395 U.S. 352, 355, 89 S. Ct. 1835 (1969) ("the purpose of the [OCSLA] was to define a body of law applicable to the seabed, the subsoil and the fixed structures such as those in question here on the Outer Continental Shelf."). And Section 1333(a) of OCSLA "supersede[s] the normal choice of law rules that the forum would apply." *In re DEEPWATER HORIZON*, 745 F.3d 157, 166 (5th Cir. 2014) (citing *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 480–81, 101 S. Ct. 2870 (1981)). Consequently, our holding does not address waiver of a choice of law argument outside of the OCSLA context and does not disturb authorities holding that, in other contexts, a choice of law argument may be waived.

*In re HECI Exploration Corp.*, 862 F.2d 513, 520 (5th Cir. 1988), the case cited by the petition for rehearing en banc for the proposition that the panel's opinion creates an intra-circuit conflict, is emblematic of such non-OCSLA authority. *HECI* is distinguishable for a multitude of reasons: because it is based on ERISA law, involved a preemption defense, and is by its own terms confined to its facts. Indeed, the *HECI* panel emphasized that it "announce[d] no general principle regarding the proper course of conduct for an appellate court confronted with a situation in which the parties fail to argue the applicable federal law in a federally preempted area such as ERISA." *Id.* at 526. Furthermore, the *HECI* holding was "necessarily colored by [the panel's] position" as a "second-level appellate court" reviewing a bankruptcy court decision, *id.*, which is, of course, not the case here.

Finally, this appeal arises in admiralty in an interlocutory posture because the choice of law argument was raised in a motion for leave to amend a complaint, and a claim technically remains pending before the district court. Consequently, the panel opinion does not opine on different scenarios, such as where a party raises a choice of law argument under OCSLA for the first time after trial and judgment.

2